UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHAD DEXTER, | Case No. 3:12-cv-01855-HA |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

HAGGERTY, District Judge:

Plaintiff Chad Dexter seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying his application for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). After reviewing the record, this court concludes that the Commissioner's decision must be AFFIRMED.

OPINION AND ORDER - 1

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability.

At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). On the other hand, if the Commissioner can meet its burden, the claimant is deemed to be not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on the proper legal standards and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

When reviewing the decision, the court must weigh all of the evidence, whether it

supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). If, however, the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision, the decision must be set aside. *Id.* at 720.

## BACKGROUND

Plaintiff was born on August 29, 1975. Plaintiff protectively filed his application for DIB on September 5, 2008, alleging a disability onset date of May 25, 2008, based on a number of impairments, including: back pain, pain resulting from a left tibia-fibula fracture and left clavicle fracture, and depression. His application was denied initially and upon reconsideration.

An Administrative Law Judge (ALJ) conducted a hearing on February 1, 2011. The ALJ heard testimony from plaintiff, who was represented by counsel; and an impartial vocational expert (VE). On March 15, 2011, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff suffered from the following severe impairments: "he is status post a left tibia-fibula fracture and a left clavicle fracture; and depression." Tr. 30, Finding 3.[1] The ALJ determined that plaintiff's severe impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 30, Finding 4. Accordingly, the ALJ determined plaintiff has the RFC to perform a simple unskilled modified range of light work with a number of postural limitations including a sit/stand option. Tr. 30-31, Finding 5.

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

Based on plaintiff's RFC and testimony from the VE, the ALJ determined that plaintiff was unable to perform any of his past relevant work. Tr. 38, Finding 6. The ALJ found, however, that plaintiff could perform other work existing in significant numbers in the national economy including work as a small products assembler and electronics worker. Tr. 39, Finding 10. Therefore, the ALJ concluded that plaintiff was not disabled. The Appeals Council denied plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## DISCUSSION

Plaintiff contends that this court must reverse and remand the Commissioner's final decision for further proceedings because the ALJ erred in failing to include plaintiffs' mental limitations in his RFC and because the RFC findings are vague.

### 1. Plaintiff's Depression

Plaintiff contends that the ALJ erred in developing plaintiff's RFC. Specifically, plaintiff contends that the RFC did not include limitations for plaintiff's depression despite the fact that the ALJ found his depression to be a severe impairment at Step 2. An RFC is the most an individual can do in a work setting despite the total limiting effects of all his or her impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), and Social Security Ruling (SSR) 96-8p.

Plaintiff's argument is based largely on a misreading of the ALJ's decision. The ALJ discussed, at length, the confusing and inconsistent evidence regarding the effects of plaintiff's depression and anxiety on his daily functioning. Tr. 36. The ALJ then concluded that "these factors do provide support for limiting the claimant to simple unskilled work." Tr. 36. Plaintiff does not challenge the ALJ's rejection of the medical opinions that suggest greater limitations.

OPINION AND ORDER- 4

Rather, plaintiff appears to contend that the ALJ's determination that plaintiff is limited to simple unskilled work is unrelated to plaintiffs' depression. When read in the context, it is clear that the limitation to simple unskilled work is based on plaintiff's depression. Accordingly, the ALJ did not omit limitations for plaintiff's depression in the RFC and did not err.

### 2. RFC Findings

Plaintiff contends that by limiting plaintiff to a modified range of light work, the ALJ failed to explain what she meant and eroded the occupational base of "light work," rendering the decision vague. First of all, the plain language of the ALJ's decision is clear. According to the ALJ, plaintiff cannot perform a full range of light work, but only a modified range which includes postural limitations and a sit/stand option. It is also clear that this modified range of light work erodes the occupational base that would be provided by a full range of light work. Nevertheless, the VE identified jobs existing in significant numbers that meet this modified range of light work. Accordingly, there was no error.

## CONCLUSION

For the reasons provided, this court concludes that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner denying Chad Dexter's application for SSI and DIB must be AFFIRMED.

IT IS SO ORDERED.

DATED this 3 day of September, 2013.

_____
Ancer L. Haggerty
United States District Judge

OPINION AND ORDER- 5